No. 401.

## STONE ET AL. *v.* KELLER.

INJUNCTION.—*Restraining Order.*—*Continuance of by Agreement of Parties in Open Court.*—*Effect of on Injunction Bond.*—In an injunction proceeding, where a restraining order was granted and continued in force to a certain date, at which time the defendant in the injunction proceedings appeared in open court with the plaintiff in said suit and entered into an agreement with him that said injunction and restraining order should be continued until the further order of the court, and that the court should make and enter an order carrying into effect said agreement, which was accordingly done by the court, such an agreement by the parties to the action amounted to no more than a waiver of a formal hearing, and the injunction was continued in force by the order so entered, and the bond already given was continued in force by the statute, and the defendant, notwithstanding said agreement, was still protected by the injunction bond.

From the Fountain Circuit Court.

*H. H. Dochterman* and *D. W. Sims,* for appellants.

*C. M. McCabe* and *J. Bingham,* for appellee.

BLACK, J.—This was an action on an injunction bond executed by the appellants in a suit brought by one of them to restrain and enjoin the appellee from removing or disposing of certain corn upon the farm of the plaintiff in the injunction suit.

The complaint, amongst other things, showed that upon the execution of said bond, on the 11th of December, 1889, a restraining order was granted, and the appellee was restrained from selling and disposing of said corn, or in any way interfering with it until the — day of May, 1890, when judgment was rendered in the injunction suit in favor of the appellee, defendant therein, against the plaintiff in said suit, the principal in said bond, and said injunction was dissolved, etc.

The appellants answered in three paragraphs. The appellee's demurrer to the second and third paragraphs of answer was sustained.

Stone *et al. v.* Keller.

The third paragraph alleged the filing of the complaint for an injunction, and the execution of the bond on the 11th of December, 1889, and the obtaining on that day from the court of a restraining order, restraining the appellee from removing and selling the corn, etc., " till notice of said proceedings should be given and the same heard ; that said temporary injunction continued up to the 17th day of December, 1889," when the defendant in said injunction suit appeared in open court and entered into an agreement with the plaintiff in that suit that said injunction and restraining order should be by agreement of the parties to said action continued until the further order of the court, and that the court should make and enter an order carrying said agreement into effect and continuing said restraining order until the further order of the court ; that on said day, in pursuance of said agreement, the court, in said cause, did make and enter the following order :

" Come now the parties by their attorneys, and by agreement of the parties, in open court, and the court now continues the restrainining order heretofore entered of record until the further order of said court, restraining the defendants from removing the growing crops from the premises ; and now this cause is continued."

It was further alleged that said restraining order and injunction was continued under and in pursuance of and by virtue of said agreement and order of court, until the 21st of May, 1890, when, by the judgment of said court, duly made and given, said injunction order was dissolved and set aside, and the property in question was released and delivered over to the appellee. It was further alleged that the appellee sustained no damage on account of the restraining order from the time of the issuing thereof, on the 11th of December, 1889, until the making of said order continuing the injunction in force, on the 17th of December, 1889, and that he sustained no damage on account of said injunction after it was dissolved on the 21st of May, 1890.

The second paragraph purported to be pleaded as a partial answer. It differed from the third paragraph chiefly in that its allegations in relation to damages were to the effect that the damages sustained by the appellee from the issuing of the restraining order on the 11th of December, 1889, to the making of the order continuing the injunction in force, on the 17th of December, 1889, did not exceed fifty dollars.

The appellants, in their brief, say : " The question arising upon these answers is this : Can the appellee legally claim damages, in a suit on such bond, that accrued during the time the injunction was in force and continued by the agreement of the parties and under and by virtue of an order of the court continuing such injunction upon the agreement of the parties ? "

The order of court set out in the answers does not clearly show that the injunction was continued by the court upon and pursuant to an agreement between the parties.

Assuming the order continuing the injunction in force from the 17th of December, 1889, until the final disposition of the cause to be sufficiently shown to have been made pursuant to such an agreement of the parties as is alleged, was the defendant in the suit for an injunction deprived of all benefit and protection from the injunction bond during that period ?

Our statute (section 1153, R. S. 1881) provides : " No injunction or restraining order shall be granted until the party asking it shall enter into a written undertaking, with surety to be approved by the court or judge, to the adverse party affected thereby, for the payment of all damages and costs which may accrue by reason of the injunction or restraining order."

The next section provides : " When an injunction is granted upon the hearing, after a temporary restraining order, the plaintiff shall not be required to enter into a second written undertaking, unless the former shall be deemed in-

Stone *et al. v.* Keller.

sufficient, but the plaintiff and his surety shall remain liable upon the original undertaking."

The agreement made by the parties when they appeared in court on the 17th of December, 1889, and the order of court then entered contained no mention of the injunction bond and no reference to the liability of the obligors. The alleged agreement amounted to nothing more than a waiver of a formal hearing. The injunction was not dissolved, but was contined in force by the order then entered. The statute continued in force the bond already given. The statute does not contemplate the existence of a restraining order or a temporary injunction without the co-existence of an injunction bond.

Whatever might have been the proper effect of an agreement between the parties that the defendant in the injunction suit should forego the protection of the bond while the consideration therefor continued to exist, certainly he can not be presumed to have relinquished such protection without such an agreement. It should rather be presumed that in agreeing to the continuance of the injunction till the further order of the court and until the final judgment in the cause he relied upon the protection of the injunction bond, to which he was not a voluntary party, but which was exacted by the law for his benefit.

The judgment is affirmed.

Filed April 14, 1892.